| | |
|---|---|
| 1 | CARY M. ADAMS, SBN 103359 |
| | GEOFFREY A. GOODMAN, SBN 073355 |
| 2 | RANDALL J. HAKES, SBN 233548 |
| | MURPHY AUSTIN ADAMS SCHOENFELD LLP |
| 3 | 1000 G Street, Third Floor (95814) |
| | Post Office Box 1319 |
| 4 | Sacramento, California 95812-1319 |
| | Telephone: (916) 446-2300 |
| 5 | Facsimile: (916) 503-4000 |
| | Email: cadams@murphyaustin.com |
| 6 | Email: ggoodman@murphyaustin.com |
| | Email: rhakes@murphyaustin.com |
| 7 | |
| | Attorneys for Defendants and Counterclaimants |
| 8 | THE COUNTY OF MARIN AND THE COUNTY OF TUOLUMNE |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GLADWELL GOVERNMENTAL SERVICES, INC., a California corporation, | Case No. C-04-3332 SBA |
| Plaintiff, | **ORDER DENYING MOTION TO REQUIRE PLAINTIFFS, COUNTERDEFENDANTS AND THEIR COUNSEL TO COMMUNICATE THROUGH COUNSEL** |
| v. | |
| COUNTY OF MARIN, etc., et al., | Date: October 18, 2005 |
| Defendants. | Time: 1:00 p.m. |
| | Judge: Armstrong/Courtroom |
| COUNTY OF MARIN, a legal subdivision of the State of California; COUNTY OF TUOLUMNE, a legal subdivision of the State of California, | |
| Counterclaimants, | |
| v. | |
| GLADWELL GOVERNMENTAL SERVICES, INC., a California corporation, and DIANE GLADWELL, in her individual capacity, | |
| Counterdefendants. | |

680.003-291405.1

ORDER GRANTING MOTION TO REQUIRE COMMUNICATION THROUGH COUNSEL C-04-3332 SBA

This matter comes to the Court on Defendants and counterclaimaints ("Defendants") the County of Marin and the County of Tuolumne's motion to prohibit Plaintiff and Counterdefendants, Gladwell Government Services, Inc. and Diane Gladwell, and their counsel Kevin Hughes, from contacting Defendants except through their counsel Murphy Austin Adams Schoenfeld LLP. Having read and considered the arguments presented by the parties in their moving papers, the Court finds this matter appropriate for disposition without a hearing. The Court HEREBY GRANTS Defendants' Motion.

## I. DISCUSSION

After the Court ruling in favor of Defendant's motion to dismiss Plaintiff's complaint for copyright infringement, Plaintiff and counterdefendant GGS and Diane Gladwell wrote to the Chief Administrative Officer of Marin and Tuolumne asking that the counties consider dropping the litigation. Thereafter, their counsel, Kevin Hughes phoned the offices of individual members of the Board of Supervisors of each County, (*Declaration of Susannah Clark in Support of Motion*) and followed up his calls with a letter to each board member with an offer to settle the matter. Ms. Gladwell also continued to write to Board members. *Declaration of Cary M. Adams in Support of Motion*. Defendants request the Court to prohibit this direct contact, contending it is improper and disruptive of its relationship with its counsel.

The Court has broad authority to "enter appropriate orders governing counsel and the parties." *Haffer v. Temple University*, 115 F.R.D. 506, 512, (E.D. Pa. 1987), citing *Gulf Oil v Bernard*, 452 U.S. 89, 100 (1981) (imposing sanctions for inappropriate contact with class members and prohibiting future inappropriate contact). Generally a party may contact an opposing party, but counsel may not directly contact a represented party. ABA Model Rules of Professional Conduct, Rule 4.2.

California Rules of Professional Conduct is in accord, but exempts communications by counsel "with a public officer, board, committee, or body." Rule 2-100; Formal Opinion No. 1977-43 of the Standing Committee on Professional Responsibility of the State Bar of California.

Defendants contend that this exemption was designed to protect the constitutional right of

citizens to petition their government, and that it was not designed to permit counsel to contact represented parties in an attempt to circumvent counsel, or otherwise undermine a public entity's confidence in its counsel.  Moreover, Defendants' note that contacting individual Board members may threaten the unintended disclosure of privileged material and cause unintended violations of California's open meeting law known as the Brown Act.

The Court will grant Defendants' motion.   The Court finds no basis for communicating directly with represented parties in this matter.   The Court finds that some of the direct communications by Ms. Gladwell and her counsel have been misleading and apparently intended to undermine a lack of confidence in Defendants' outside counsel.

## II.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants motion.  Consequently, during the pendency of this litigation, Gladwell Government Services, Diane Gladwell and their counsel, Kevin Hughes, or any agents acting on their behalf, are prohibited from contacting representatives of Defendants Marin and Tuolumne Counties, except through their counsel of record in this action, Murphy Austin Adams Schoenfeld LLP.

# DENIED.

Dated: October 15, 2005

_____
SANDRA B. ARMSTRONG
JUDGE OF THE UNITED STATES DISTRICT
COURT, NORTHERN DISTRICT OF
CALIFORNIA