TISDALE & NICHOLSON, LLP
Kevin D. Hughes (SBN 188749)
2029 Century Park East, Suite 900
Los Angeles, California 90067
Tel.: (310) 286-1260
Fax:  (310) 286-2351

Attorneys for Plaintiff and Counterdefendant
Gladwell Governmental Services, Inc. and
Counterdefendant Diane Gladwell

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADWELL GOVERNMENTAL SERVICES, INC., a California corporation,<br><br>           Plaintiff,<br><br>    vs.<br><br>COUNTY OF MARIN, a legal subdivision of the State of California; COUNTY OF TUOLUMNE, a legal subdivision of the State of California, and DOES 1 through 50 inclusive,<br><br>           Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No.: C-04-3332 SBA<br><br>ORDER DENYING COUNTERCLAIMANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DISMISSING COUNTERCLAIMS<br><br>Date: October 18, 2005<br>Time: 1:00 p.m.<br>Place: Oakland, Courtroom 3 |

On October 18, 2005, Counterclaimants' Motion for Partial Summary Judgment came on regularly for hearing before the Honorable Saundra Brown Armstrong.  After consideration of the parties' written submissions, as well as the argument of counsel at hearing,

IT IS HEREBY ORDERED THAT COUNTERCLAIMANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BE DENIED AND THE COUNTERCLAIMS BE DISMISSED.

I. BACKGROUND

On March 7, 2005, the Court granted the Defendants' Motion to Dismiss Plaintiff's Complaint.  In so doing, the Court ruled that the Marin County ("Marin") records retention schedules were a "work made for hire", owned by Marin.  (Order, p. 8)  The Court ruled that Plaintiff Gladwell Governmental Services, Inc. ("Gladwell") had no ownership interest in the Marin schedules, and therefore, no ownership interest in any copyright therein. (Order, pp. 7-8)

The County of Marin and the County of Tuolumne (collectively, the "Counties") now seek declaratory judgments with respect to ownership of the Marin schedules and the scope of copyright protection the schedules merit – **these are issues in which (as per the Court's prior ruling) Gladwell has no legal interest.**  Because there is no "present live controversy" between the parties as to either of the Counties' three counterclaims, the Court must dismiss them as moot.

II. THERE IS NO "PRESENT LIVE CONTROVERSY" AS TO ANY OF THE THREE ISSUES RAISED IN THE COUNTIES' MOTION AND SO THE COURT MUST DISMISS THEM AS MOOT

The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. Preiser v. Newkirk, 422 U.S. 395, 402 (1975).  More particularly, a federal court has no authority to issue a declaratory judgment

apart from that authority granted it by the Declaratory Judgment Act, which requires by its terms that an "actual controversy" exist between the parties before the court.  28 U.S.C. § 2201; Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937).  "The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests." Aetna, supra, at 240-241.  The rule in federal cases is that an actual controversy must exist at all stages of review and not merely at the time the complaint is filed.  Preiser, supra, at 402.

The "actual controversy" must be one which presently exists and not simply one which may occur.  Farnum v. International Ass'n of Machinists, 161 F.Supp. 391 (S.D.N.Y. 1958); Garcia v. Brownell, 236 F.2d 356 (9th Cir. (Cal.) 1956).  Whenever an action loses its character as a "present live controversy" during the course of litigation, federal courts are required to dismiss the action as moot.  Allard v. DeLorean, 884 F.2d 464, 466 (9th Cir. 1989).  An action ceases to be a "present live controversy" and becomes moot once either party is shown to lack a "legally cognizable interest in the outcome" of the adversary proceeding. County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979); DiGiorgio v. Lee, 134 F.3d 971, 974 (9th Cir. (Cal.) 1998).  See also Lusardi v. Xerox, 975 F.2d 964 (3rd Cir. 1992)(No agreement between the parties to allow the federal court to hear the case will rescue a mooted claim.)

The Counties seek declaratory judgments with respect to ownership of Marin's schedules and the scope of copyright protection the schedules merit.  As a result of the Court's March 7, 2005 ruling, Gladwell has no legally cognizable interest in

1  the outcome of these counterclaims.  Furthermore, the declaratory
2  relief sought is as to the validity of defenses to an action that
3  has been dismissed.  The fact that, theoretically speaking,
4  Gladwell <u>may in the future</u> obtain a reversal of the dismissal on
5  appeal simply does not create a "present live controversy".
6  <u>Calderon v. Ashmus</u>, 523 U.S. 740, 746-747 (1998)(there is no
7  "case or controversy" where an action seeks declaratory relief as
8  to the validity of defenses that the defendant <u>may or may not</u>
9  advance in future litigation that <u>may or may not</u> take place).
10 For each of these reasons, the counterclaims are moot and must be
11 dismissed.

13      A.   <u>The First Counterclaim Is Moot Because The Court Has</u>
14           <u>Already Ruled that Marin Owns The Retention Schedules</u>
15      The Counties' first counterclaim seeks a declaratory
16 judgment that under the contract between Marin County and Diane
17 Gladwell, Marin County is the sole owner of the records retention
18 schedules.  The Counties concede that the ruling sought is
19 precisely the ruling received on March 7, 2005.  Thus, it is a
20 settled question, and not a live issue between the parties.

22      B.   <u>The Fourth Counterclaim Is Moot Because Gladwell Has No</u>
23           <u>Legal Interest In Whether Marin's Retention Schedules</u>
24           <u>Are Copyrightable</u>
25      The Counties' fourth counterclaim seeks a declaratory
26 judgment that the records retention schedules at issue are not
27 copyrightable.  This issue was briefed last winter, but the Court
28 expressly declined to resolve it because the question of whether

1  the retention schedules were copyrightable was mooted by the
2  Court's threshold ruling that Gladwell had no legal interest in
3  any such copyright.  (Order, at fn. 5)  This remains true today.
4  Gladwell has no legal interest in the Marin schedules, or any
5  copyright that might protect them, and therefore, no legal stake
6  in the outcome of this counterclaim.  <u>Ashcroft v. Mattis</u>, 431
7  U.S. 171, 173 (1977)("Emotional involvement in a lawsuit is not
8  enough to meet the case-or-controversy requirement; were the rule
9  otherwise, few cases could ever become moot.").

10       In <u>Ashcroft</u>, <u>supra</u>, after the defendant successfully
11  defended a claim by virtue of a particular affirmative defense,
12  plaintiff sought a declaratory judgment as to whether defendant
13  would have been liable were it <u>not</u> for the affirmative defense.
14  There was no live controversy on the point and so the court
15  refused to issue what would effectively be an advisory opinion.
16  The Counties are attempting the same tactic here:  The matter has
17  been resolved, but they want the Court to issue advisory opinions
18  as to defenses that were not adjudicated.  The Court has no
19  jurisdiction to do so.

20       Indeed, to the extent Gladwell has any stake in whether the
21  Marin schedule is copyright-protected, it is not adverse to the
22  Counties' but rather is in agreement.  Gladwell is in the
23  business of creating records retention schedules for California
24  governmental entities.  It would be hard-pressed to stay in
25  business if Marin County obtained a monopoly on the unique
26  selection, coordination and arrangement of data that Gladwell has
27  developed in 10 years of serving California local governments.
28  Thus, a ruling that Marin owned a copyright in the retention

1  schedules would be potentially devastating to Gladwell's
2  business.  The fact that the interests of the Counties and
3  Gladwell with respect to resolution of these issues <u>is aligned</u>
4  fortifies the conclusion that no justiciable controversy is
5  present.  <u>A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n of St.</u>
6  <u>Clair County, Illinois</u>, 921 F.2d 118 (7th Cir. 1990)(If parties
7  seek the "same result" on a claim, then no "case or controversy
8  exists between adverse parties over this issue.").

10         C.    <u>The Fifth Counterclaim is Not Only Moot, It Asks The</u>
11               <u>Court to Issue An Advisory Opinion On A Hypothetical</u>
12               <u>Set Of Facts</u>
13       The Counties' fifth counterclaim seeks a declaratory
14  judgment that the County of Tuolumne's use of the Marin County
15  records retention schedules was a "fair use".  For all of the
16  foregoing reasons, Gladwell has no legally cognizable interest in
17  the outcome and so this is not a "present live controversy".
18  Furthermore, the Counties ask the Court to issue an advisory
19  opinion on a hypothetical set of facts, which it cannot do.
20       The "fair use" doctrine is a defense to a claim for
21  copyright infringement.  The Court has dismissed Gladwell's
22  complaint and ruled that Marin owned the retention schedules at
23  issue.  As a result, and since Marin consented to Tuolumne's use
24  of the Marin schedules in the first place, there is (1) no
25  unauthorized use at issue; (2) no live claim of infringement;
26  (3) no occasion for Tuolumne to raise the "fair use" defense; and
27  (4) no cause to adjudicate a hypothetical "fair use" defense to a
28  moot claim.

1   The Counties are effectively asking the Court to resolve a
2   multi-layered hypothetical: (a) What if Gladwell did own "some
3   portion" of the records retention schedules and (b) what if the
4   schedules were copyright-protected and (c) what if Marin shared
5   them with Tuolumne without Gladwell's authorization and (d) what
6   if Gladwell had a live infringement claim?  This Court simply has
7   no jurisdiction to provide an advisory opinion on a hypothetical
8   set of facts.  <u>Ashcroft v. Mattis</u>, 431 U.S. 171, 172.
9
10       D.   <u>Adjudicating Moot Claims and Hypothetical Questions</u>
11            <u>Does Not Serve "Judicial Efficiency"</u>
12   In the Conclusion section of their brief, the Counties make
13   an appeal to the "interests of judicial efficiency".  The
14   interests of judicial efficiency are not served by the
15   adjudication of moot claims, or the issuance of advance rulings
16   on collateral defenses to a litigation that may never be
17   litigated.
18   III. <u>CONCLUSION</u>
19   For the above reasons, the Court denies Counterclaimants'
20   Motion for Partial Summary Judgment and dismisses the
21   Counterclaims, as follows:
22   On Counterclaimants' First Counterclaim:  The Court finds
23   that the declaratory judgment sought is precisely the ruling
24   received in the Court's March 7, 2005 Order.  Thus, it is a
25   settled question, and not a live issue between the parties.  It
26   is DISMISSED.
27   On Counterclaimants' Fourth Counterclaim:  The Court finds
28   that the counterclaim is moot because Counterdefendants have no

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\Proposed Order (MSJ)
(KDH0871).DOC         7         (PROPOSED) ORDER
C-04-3332 SBA

1 legal interest in the Marin schedules, or any copyright that
2 might protect them, and therefore, no legal stake in the outcome
3 of this counterclaim.  It is DISMISSED.
4     On Counterclaimants' Fifth Counterclaim: The Court finds
5 that the counterclaim is moot because Counterdefendants have no
6 legal interest in the Marin schedules, or any copyright that
7 might protect them, and therefore, no legal stake in the outcome
8 of this counterclaim.  In addition, the Counterclaim seeks an
9 advisory opinion based on a hypothetical set of facts.  It is
10 DISMISSED.

12 Date:10/15/05                    _____
                                    United States District Court Judge

14
15 Presented by:

16 TISDALE & NICHOLSON, LLP
   Kevin D. Hughes

18 By: _____
        Kevin D. Hughes
19 Attorneys for Plaintiff
   and Counterdefendant
20 Gladwell Governmental
   Services, Inc. and
21 Counterdefendant Diane
22 Gladwell